**Opinion filed December 17, 2009**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-08-00067-CR**

_____

**TERRENCE QUINCY WELLS, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 132nd District Court**

**Scurry County, Texas**

**Trial Court Cause No. 9302**

**M E M O R A N D U M   O P I N I O N**

The jury convicted Terrence Quincy Wells of the offense of burglary of a habitation and assessed punishment at confinement for ten years and a fine of $10,000. We affirm.

In his sole issue on appeal, appellant contends that the evidence is both legally and factually insufficient to show that he committed the offense. We will apply the following well-recognized standards of review to appellant's sufficiency challenges. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine

whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, we must review all of the evidence in a neutral light and determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

The record shows that 79-year-old Aline Parks lived alone in a house next to the 37th Street Church of Christ Family Center. After having been out of town, Parks returned to her home on April 15, 2007, to find that it had been burglarized. Someone had broken the glass on the back door and had rummaged through Parks's house and belongings. A laptop computer and four rings had been stolen from her home.

One of the rings was subsequently found at a local pawn shop by Sergeant Kyle Burleson of the Snyder Police Department during a routine check of pawn tickets. Sergeant Burleson testified that the description on the pawn ticket was similar to the description that Parks had given him of one of her rings. Parks came to the pawn shop and identified the ring as one of the rings that had been stolen from her house. The ring had been pawned on April 17, 2007, by appellant.

Appellant admitted pawning the ring, but he claimed that he found the ring on the ground outside a bowling alley. Appellant testified that, as he was arriving at the bowling alley, he saw M.R.F. and another boy playing catch with the ring. One of the boys overthrew it, and they apparently could not find it. Appellant, having seen where it landed, retrieved the ring later as he was leaving the bowling alley.

M.R.F., who was eleven years old at the time of the offense, testified about his involvement in the burglary. He and a group of boys, including E.F., were walking around town when they met up with appellant. M.R.F. and appellant left the group by a dumpster near the church and walked across the street to Parks's house. M.R.F. testified that appellant kicked the back door and went into the house while M.R.F. stood outside "watching out" for police. When appellant came back outside, he had four rings and a laptop. He offered one of the rings to M.R.F. and E.F. They declined, and

2

appellant warned them not to say anything. M.R.F. identified the ring that was subsequently found at the pawn shop as one of the rings that appellant had stolen from the house.

At trial, M.R.F. admitted being a "lookout" for appellant and testified that, at the time of trial, he was "locked up" for his part in the burglary. M.R.F. had previously denied participating in the burglary and had told Sergeant Burleson that he stayed with the group of boys that stood by the dumpster.

E.F., who was fourteen years old at the time of the offense, testified that he and a group of friends went walking around town with appellant. When they got to the Church of Christ, appellant told them to wait by the dumpster. Being curious, E.F. walked over to see what appellant was doing. He saw appellant kick in a door at Parks's house and go inside. E.F. went back to the group, which subsequently fled upon hearing a siren. E.F. testified that appellant came to his house later and had a laptop computer and some rings. E.F. identified the ring that had been recovered from the pawn shop as one of the rings. He also testified that appellant offered him one of the rings and threatened to beat him up if he "snitch[ed]."

At trial, E.F. testified that his friend M.R.F. had acted as a "lookout" for appellant. E.F. testified that, in an attempt to protect M.R.F., he had lied to Sergeant Burleson when he told him that another boy acted as the lookout.

A friend of appellant's, Cord Lane Welsh, testified that appellant had asked him for a ride to the pawn shop. Welsh drove appellant to the pawn shop, where he pawned a ring. Appellant told Welsh that the ring came from his mother or grandmother; Welsh could not remember which. Welsh identified the ring that Sergeant Burleson had recovered as the one that appellant had pawned.

After reviewing all of the evidence, we hold that it is both legally and factually sufficient to support the jury's verdict. The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979). As such, the jury was free to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). It was within the jury's prerogative to believe the testimony of M.R.F. and E.F. that appellant committed the burglary and disbelieve appellant's testimony that he found the ring by the bowling alley. Appellant's issue is overruled.

3

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

December 17, 2009

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

4